IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00434-BNB

MONTGOMERY CARL AKERS,
Plaintiff,

v.

R. WILEY,
CHRISTOPHER SYNSVOLL,
D. J. CRIST,
M. BOND,
JAMES KESZEI,
RICK MARTINEZ,
OFFICER ROY, and
WENDY HEIM,
Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 5 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff Montgomery Carl Akers is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Akers initiated this action by filing *pro se* in the United States District Court for the District of Nevada a civil rights complaint and a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mr. Akers alleges in the complaint that prison officials in Colorado have violated his constitutional rights. In an order filed on February 20, 2008, the District of Nevada transferred this action to this court pursuant to 28 U.S.C. § 1406(a) because venue was improper in the District of Nevada. On March 5, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Akers to show cause why this action should not be dismissed for failure to comply with an order restricting his ability to file *pro se* actions in this Court. On March 14, 2008, Mr. Akers

filed "Plaintiff's Motion for Leave to Commence Civil Action in Pro Se in the District of Colorado; and Response to Order to Show Cause Incorporated by the Plaintiff."

The Court must construe the papers filed by Mr. Akers liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Akers is subject to a sanction order that restricts his ability to file *pro se* actions in this Court. *See Akers v. Sandoval*, No. 94-B-2445 (D. Colo. June 20, 1995), *aff'd*, 100 F.3d 967 (10th Cir. 1996). In 94-B-2445, Mr. Akers was

> enjoined and prohibited from initiating any civil action in the
> United States District Court for the District of Colorado
> without representation by an attorney licensed to practice in
> the State of Colorado or duly admitted to practice in the
> United States District Court for the District of Colorado
> unless he first obtains leave of court to proceed pro se.

*Id*. at 3. Mr. Akers is not represented by an attorney. Although he now has filed a motion seeking leave to proceed *pro se*, that motion will be denied.

The Court has reviewed Mr. Akers' motion seeking leave to proceed *pro se* and his response to Magistrate Judge Boland's show cause order and finds that the motion for leave to proceed *pro se* must be denied for four reasons. First, Mr. Akers asserts in his motion and response that he has filed a notice of appeal from the order transferring this action to this Court and that he will argue on appeal that he should be allowed to pursue his claims in the District of Nevada. Although Mr. Akers apparently also wishes to pursue his claims in this Court in this action, he may not pursue the same claims in

2

two different courts at the same time. The Court finds that Mr. Akers' appeal of the transfer order and his expressed intention to pursue his claims in the District of Nevada is a sufficient reason to deny him leave to proceed *pro se*.

The Court also finds that the motion seeking leave to proceed *pro se* must be denied because Mr. Akers failed to accurately complete the complaint form. Section D of the complaint form specifically asks whether the plaintiff has filed any prior lawsuits in federal court that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. The complaint form also directs the plaintiff to provide certain information regarding each lawsuit that fits those criteria. Mr. Akers lists one prior lawsuit in response to this question. However, he fails to list another lawsuit filed in the United States Court for the District of Kansas that was dismissed for failure to state a claim on which relief may be granted. *See Akers v. Martin*, 227 Fed. App'x 721 (10th Cir. Mar. 23, 2007). As a result, the Court finds that the one case Mr. Akers listed in Section D of the complaint form is not a complete and accurate response.

Section D of the complaint form also asks whether the plaintiff has filed any other actions in state or federal court that involve the same or similar facts and directs the plaintiff to provide certain information regarding any such lawsuit. Mr. Akers answered this question in the negative. However, the Court has searched the U.S. Party/Case Index in PACER (Public Access to Court Electronic Records), and discovered that Mr. Akers has filed another lawsuit in the United States District Court for the District of Columbia that involves the same or similar facts as this action. *See Akers v. Watts*, 08-cv-00140-EGS (D.D.C. filed Jan. 24, 2008). Mr. Akers claims in the instant action

that prison officials have violated his constitutional rights by intercepting and stealing his legal and personal mail beginning in February 2007. In the complaint filed in 08-cv-00140-EGS, Mr. Akers claims that many of the same prison officials have violated his constitutional rights by confiscating his mail beginning in February 2007. As a result, the Court finds that Mr. Akers' answer in Section D that he has not filed any other actions involving the same or similar facts is not a complete and accurate response.

Finally, based on a quick look at the complaint Mr. Akers has filed in this action, the Court also finds that the motion seeking leave to proceed *pro se* must be denied because Mr. Akers' allegations of conspiracy are vague and conclusory. "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). Accordingly, it is

ORDERED that "Plaintiff's Motion for Leave to Commence Civil Action in Pro Se in the District of Colorado" filed on March 14, 2008, is denied. It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice. It is

FURTHER ORDERED that the motion seeking leave to proceed *in forma pauperis* filed on February 29, 2008, is denied as moot.

DATED at Denver, Colorado, this 24 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00434-BNB

Montgomery Carl Akers
Reg. No. 02866-081
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/25/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk